In the Matter of the Complaint of LIBERTY SHIPPING CORPORATION, a foreign corporation, owner of the MOTOR SHIP DON JOSE FIGUERAS, for Exoneration from or Limitation of Liability, Plaintiff.

NEW YORK MERCHANDISE CO., INC., et al., Plaintiffs-Appellees,

v.

LIBERTY SHIPPING CORPORATION, Defendant-Appellant.

No. 73–2995.

United States Court of Appeals, Ninth Circuit.

Jan. 23, 1975.

**1250**

Sam L. Levinson (argued), of Levinson, Friedman, Vhugen, Duggan & Bland, Seattle, Wash., for defendant-appellant.

Robert H. Thede (argued), of Derby, Cook, Quimby & Tweedt, San Francisco, Cal., for plaintiffs-appellees.

## OPINION

Before MERRILL and WALLACE, Circuit Judges, and SKOPIL, District Judge.*

MERRILL, Circuit Judge:

The question here presented is whether the shipowner, appellant Liberty Shipping Corporation, was properly held liable for damage to cargo caused by fire at sea.

In its memorandum of opinion the district court stated:

"The cargo damage involved in this case proximately resulted from two causes: fire and the unseaworthiness of the DON JOSE FIGUERAS. Each contributed to the damage in No. 3 hatch, but the damage in hatches 1, 2, and 4 proximately resulted from the unseaworthiness.

The cause of the fire is unknown.

The unseaworthiness consisted of:

(1) An incompetent master and crew. They were not properly trained in the use of the vessel's fire-fighting equipment, principally the $CO_2$ system. They did not possess elemental knowledge of the properties, function and use of $CO_2$.

(2) Deficiencies in the vent closing devices, particularly at No. 3 hatch, which rendered the attempt to seal off the cargo holds, requisite to the successful use of $CO_2$, ineffective.

Fire is the peril most dreaded by all mariners, and a peril most difficult to combat in a fully laden ship. This being so, it was incumbent upon the vessel's owners to see that the master and crew were fully trained in the operation and use of the fire-fighting equipment, and to ascertain that the vent dampers were in such condition as to effectively seal off the cargo holds. In this they wholly failed."

The court's statements respecting unseaworthiness are supported by findings of fact which in turn are amply

---

* Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

supported by the record. We find no merit in appellant's contentions to the contrary. The court's appraisal of the competence of master and crew is supported by expert testimony as to the proper methods to use in smothering a fire in a cargo hold, and by testimony as to the manner in which the master and crew sought to smother this fire, and is further supported by rational inferences flowing from such testimony. The court's findings as to the vent dampers are amply supported by the record.

Appellant contends that the district court decision disregards the owner's immunity from liability for damage to cargo caused by fire as granted both by the Fire Statute, 46 U.S.C. § 182, and by the Carriage of Goods By Sea Act ("COGSA"), 46 U.S.C. § 1304.

The Fire Statute provides:

"No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner."

COGSA, § 1304(2), provides:

"Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from—

\* \* \* \* \* \*

(b) Fire, unless caused by the actual fault or privity of the carrier \* \*."

In two respects appellant contends that the owner's immunity has been disregarded.

First, it notes that the owner is immune unless the fire was caused by "the design or neglect" of the owner (Fire Statute), or "the actual fault or privity of the carrier" (COGSA). Since the district court found that the cause of the fire was unknown, appellant contends that Cargo has failed to meet its burden.

Appellant reads the statutes too narrowly. In Asbestos Corp. Ltd. v. Compagnie De Navigation, etc., 480 F.2d 669, 672 (2d Cir. 1973), it was held, with citation of substantial supporting authority, that "exception to the general statutory exemptions applies where the shipowner's negligence did not cause ignition of the fire but where damage to the cargo could have been prevented despite the ignition of the fire had it not been for the negligence of the shipowner."

■ In that case, as here, appellants sought a narrow construction of both the Fire Statute and COGSA. The court stated:

"Under their construction, a fire ignited because of lack of due diligence by the shipowner would result in liability, but failure to maintain equipment adequate to extinguish a nonnegligently ignited fire before it causes the damage would not. Judge Levet rejected this construction. He held that an inexcusable condition of unseaworthiness of a vessel, which in fact *causes the damage*—either by starting a fire or by preventing its extinguishment—will exclude the shipowners from the exemption of the Fire Statute and COGSA. We agree."

480 F.2d at 672.

In turn, we agree.

Appellant next contends that the district court has, contrary to the statutory exemptions, placed upon the owner strict liability for the loss suffered by cargo. Appellant reasons that the court, by attributing responsibility for cargo damage jointly to the fire and to the unseaworthiness, has placed upon the owner the traditional nondelegable duty to make the ship seaworthy and thus has imposed strict liability. The statutory exemptions, it is contended, do not permit the imposition of liability by nondelegable duty. Appellant relies on Earle & Stoddart, Inc. v. Ellerman's Wilson Line, Ltd., 287 U.S. 420, 53 S.Ct. 200, 77 L.Ed. 403 (1932), where it was held that owner liability for loss attributable to unseaworthiness cannot be imposed on the theory of a nondelegable duty created by implied warranty; and that the statutory requirement that there be design or

neglect on the part of the owner precludes such a result.

However, the district court's holding here was entirely consistent with *Earle & Stoddart.* COGSA provides, 46 U.S.C. § 1303(1):

> "The carrier shall be bound, before and at the beginning of the voyage, to exercise due diligence to—
>
> (a) Make the ship seaworthy \* \*."

 In the case before us liability was not based on the traditional elements by which an owner is held liable for unseaworthiness of his vessel—those related to warranty and nondelegable duty. Here there was owner neglect and actual fault constituting failure to exercise the due diligence required by COGSA through permitting the vessel to put to sea without having properly trained the master and crew in the use of fire-fighting equipment and without having remedied deficiencies in the vent closing devices. Where the unseaworthy conditions that were the cause of the fire damage existed by reason of owner neglect or actual fault, the exemptions created by the Fire Statute and COGSA do not apply.

Judgment affirmed.