In the Matter of the Complaint of Agust **GUDJONSSON, Owner of the crab fishing vessel PATRICIA B and Arctic Fisheries, Inc., a charterer of the crab fishing vessel Patricia B for Exoneration from or Limitation of Liability.**

No. C79–294B.

United States District Court,
W. D. Washington.

Sept. 23, 1980.

Paul F. Bonnell of Bonnell & Jordan, Seattle, Wash., for petitioner.

Michael H. Williamson of Madden, Poliak, MacDougall & Williamson, Seattle, Wash., for claimant.

## MEMORANDUM OF DECISION

BEEKS, District Judge.

Agust Gudjonsson and Arctic Fisheries, Inc., defendants, are respectively the owner and demise charterer of the PATRICIA B. They brought this action for exoneration and/or limitation of liability from claims arising out of a voyage of the vessel which ended on August 8, 1978 at Kodiak, Alaska.

Richard Hoover, sole claimant and an inexperienced member of the crew, filed a claim for damages resulting from personal injury occurring during said voyage. Trial on the issue of liability was had on September 10, 1980.

The facts are relatively undisputed. At about 0530 hours, August 8, 1978, while the vessel was anchored in or near Geographic Harbor, Alaska, Hoover was awakened by the vessel's skipper, Robert Holmes, and proceeded on deck to assist in raising the anchor. They were joined by Paul Lafler, the cook. Hoover, who had previously assisted in raising the anchor between 30 and 50 times, took his position on the port side of the bow alongside the anchor cable and forward of the winch. At first, Holmes worked the throttle control on the winch,

his usual position, but he later moved forward to assist Hoover in leveling the anchor cable by hand as it came aboard. Holmes left the cook to operate the throttle although he had never so operated it before. Shortly thereafter, claimant's cotton glove was caught by the cable which pulled him up onto the winch. Before the winch was stopped, Hoover's thumb was torn from his right hand.

There is no doubt that the operation as conducted on the morning of the accident was dangerous and wrought with peril, particularly to an inexperienced crew member. Holmes assigned Lafler to operate the throttle although he had never before operated it or even assisted in raising the anchor on PATRICIA B. Moreover, Holmes gave him only very brief and incomplete instruction with respect to such operation.

■ I find defendants negligent in permitting the vessel to proceed on her voyage without having properly trained the cook in the operation of the winch and without having pointed out to him the dangers involved in such operation. *See New York Merchandise v. Liberty Shipping Corporation*, 509 F.2d 1249 (9th Cir. 1975) (owner held liable for failure to properly train crew members in use of firefighting equipment). Furthermore, the fault of assigning a totally inexperienced cook to the controls of the winch was substantially enhanced because the speed of the winch was set higher than usual on this morning by the skipper who was in a hurry to get underway.

■ I further find the negligence of defendants proximately resulted in injury to Hoover who, in turn, was not contributorily negligent in bringing about his injury in any respect.

Although proof may be inadequate as to the unseaworthiness of the vessel for failure to have a proper guard on the winch, I have no doubt such a guard could be designed and installed. In view of the conclusion I have reached, however, I need not decide the issue of unseaworthiness.

The parties are directed to appear before this court on October 2, 1980 at 10:30 a. m. for the purpose of fixing a date to hear the issue of damages.

This memorandum of decision shall constitute the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.